IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSHUA LASHAWN BANKS  # 171132**                                      **PLAINTIFF**

**VS.**                                              **CIVIL ACTION: 1:15cv178-LG-RHW**

**LIEUTENANT LATASHA JOHNSON,** *et al.*                             **DEFENDANTS**

### REPORT AND RECOMMENDATION

Before the Court is [29] the motion for summary judgment filed January 4, 2016 by Defendants Paula Nelson, Superintendent Jacqueline Banks, and Officer Zenia Hocolm[1] in this *pro se* prisoner civil rights lawsuit, on grounds that Plaintiff failed to exhaust available administrative remedies prior to filing suit.  In support of the motion, Nelson, Banks and Hocolm have presented the affidavit of Joseph Cooley, SMCI Administrative Remedy Program (ARP) Investigator, to establish that Plaintiff filed no ARP grievance regarding the April 14, 2015 incident. [28-1]  For the reasons which follow, the undersigned is of the opinion that the motion should be granted, and Plaintiff's claims against the moving parties, dismissed.

### Facts and Procedural History

Joshua Lashawn Banks is presently incarcerated at South Mississippi Correctional Institution (SMCI) where he is serving two 13-year sentences for two convictions of aggravated assault from Hinds County, Mississippi.  The Mississippi Department of Corrections (MDOC) web site shows Banks entered the MDOC system January 8, 2015, and his tentative release date is October 25, 2025.  On June 11, 2015,[2] Banks filed this lawsuit under 42 U.S.C. § 1983 against

---

[1]Movants have provided their correct names in their answer. [24]

[2]A *pro se* prisoner's complaint is deemed filed on the day it is delivered to prison officials for mailing. *See*, *e.g.*, *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Banks' complaint is dated June 2, 2015; the envelope shows it was stamped "approved legal mail" by the EMCF legal library on June 2, 2015; and the postmark shows it was mailed to the Court June 3, 2015. [1], [1-1]

Superintendent Banks and corrections officers Nelson and Latasha Johnson, who is no longer employed at SMCI.  He added Hocolm by amended complaint filed October 15, 2015.  [15]

In his pleadings, Banks alleged the Defendants failed to protect him from attack by other inmates, used excessive force by spraying him with mace, and were deliberately indifferent to his serious medical needs due to the length of time it took for him to get to the hospital for treatment of his injuries after the attack.  On January 4, 2016, Defendants filed their motion for summary judgment based on failure to exhaust administrative remedies.  On February 2, 2016 the Court conducted a *Spears*/omnibus hearing in the case.

Banks testified that on April 14, 2015, he was one of approximately 100 prisoners housed in Area III, A and D (alcohol and drug), A-Zone at SMCI, which is an open bay divided into two parts with 50 beds on each side and the guard tower in the middle.  At around 11:00 p.m. on that date, Banks got into a verbal altercation with three other inmates, which escalated into his being physically assaulted by those inmates.  Banks did not know the names of the inmates, and testified neither he nor any of the corrections officers had any idea the assault was going to happen.  He estimated the attack lasted a minute and a half to two minutes, and that other inmates joined in the fight.  Paula Nelson, the tower officer on duty at the time, turned up the lights and when she opened the door, the six or seven inmates involved scattered, and Banks went into the bathroom to check out his face.  Banks testified he was talking to himself, "yelling" that his assailants were cowards, unaware that some of the inmates were also in the bathroom, and the fight resumed.  Other officers arrived in the area during the fight and used mace on the inmates.  Banks alleges Lieutenant Zenia Holcom sprayed him with mace as he lay bleeding on the floor in the hallway.

According to Plaintiff, Lt. Johnson, Lt. Holcom and Officer Nelson walked him outside "to get some fresh air and wait for transportation..." He was taken to the infirmary where medical personnel determined that he needed to go to the hospital for treatment of his injuries, and administered an IV. Because other injured inmates had already been taken to the hospital,[3] Banks had to wait for transportation and did not get to the hospital until around 7:00 a.m. the next morning. At the hospital, he had an MRI, received stitches and staples for lacerations, had his hand placed in a cast and was prescribed medication. He was then returned to SMCI where he was placed in protective custody.

## Summary Judgment Standard

Under Rule 56, FED.R.CIV.P., a motion for summary judgment shall be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005).

The party who bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). One seeking summary judgment has the initial burden of identifying those portions of the pleadings and discovery on file, and any affidavits, which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. If the movant fails to show the absence of a genuine issue

---

[3] Banks testified at least two others were taken to the hospital.

concerning any material fact, summary judgment must be denied, even if the non-movant has not responded to the motion. *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). However, once the movant carries his burden, the burden shifts to the non-movant to show that summary judgment should not be granted. The non-movant may not rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324-325. To satisfy this burden, the non-movant must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue as to a material fact exists. *Id.* at 324; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (holding the non-movant must bring forth significant probative evidence demonstrating the existence of a triable issue of fact to survive summary judgment). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife Federation*, 497

<u>Exhaustion of Administrative Remedies</u>

Before a prisoner may file a 42 U.S.C. § 1983 lawsuit, he must properly exhaust all administrative remedies available to him. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001); *Randolph v. London*, 400 F. Appx. 894, 895 (5th Cir. 2010)(citing *Jones v. Bock*, 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*,

261 Fed.Appx. 752, 755 (5th Cir. 2008).  Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003)(quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).  Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint.  *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement – the grievance process must be carried through to its conclusion before suit can be filed under the PLRA.  *Wright*, 260 F.3d at 358; *Roland v. Haven*, 241 Fed.Appx. 206 (5th Cir. 2007)(upholding dismissal of prisoner's § 1983 case alleging denial of medical care because prisoner failed to exhaust administrative remedies where he had filed a step one grievance, but failed to file the required step two grievance).

There is no question that Banks was an MDOC inmate at all times pertinent to this action, or that the MDOC has an administrative remedy program to address inmates' complaints.  Since 2010, the MDOC Administrative Remedy Program has consisted of a two-step process, which begins with an inmate's submitting his grievance to the prison's legal claims adjudicator within thirty days of the incident of which he complains.  *Howard v. Epps*, 2013 WL 2367880, at *2 (S.D. Miss. 2013).  The adjudicator screens the grievance to determine whether to accept it into the ARP process.  If accepted, the grievance is forwarded to the appropriate official who issues a First Step Response to the inmate's complaint.  If the inmate is dissatisfied with the response, he may continue to the second step by completing the appropriate form and sending it to the legal claims adjudicator.  The Superintendent, Warden or Community Corrections Director of the facility will issue a Second Step Response.  If the inmate is still not satisfied with the response, he may file suit in court.  *Id.*  In his complaint, Banks did not answer the question, "Have you

completed the Administrative Remedy Program regarding the claims presented in this complaint?" [1, p. 3] Because Defendants' dispositive motion was already pending when the Court screened the case, the Court asked Banks during the hearing if he ever filed a grievance as a result of the April 14, 2015 incident. Banks replied that he did not remember and that if it is not on file he probably did not. Banks filed no response to Defendants' motion. The uncontradicted Cooley affidavit states Plaintiff filed no grievance regarding the April 14, 2015 incident. The undersigned therefore finds Plaintiff did not exhaust his available administrative remedies prior to filing suit, which warrants dismissal of his lawsuit for failure to state a claim upon which relief may be granted. *See Emmett v. Ebner*, 423 Fed. Appx. 492 (5th Cir. 2011); *Torns v. Miss. Dept. of Corrections*, 301 Fed.Appx. 386 (5th Cir. 2008); *Carbe v. Lappin*, 492 F.3d 325 (5th Cir. 2007).

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that the motion for summary be granted, and this case dismissed as to all Defendants.[4]

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi* (Dec.1, 2015), after service of a copy of this Report and Recommendation, each party has fourteen (14) days to serve and file with the Clerk any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not

---

[4] Although Johnson has not appeared in this action, there can be no dispute that Banks was required to exhaust his administrative remedies as to Johnson as well as the moving parties.

consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Signed, this the 26th day of April, 2016.

                                               /s/ *Robert H. Walker*
                                                ROBERT H. WALKER
                                                UNITED STATES MAGISTRATE JUDGE